# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

TIMOTHY JOSEPH KANE,

Defendant-Appellee.

UNPUBLISHED
March 17, 2016

No. 325651
Wayne Circuit Court
LC No. 14-002339 FH

Before: K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of conspiracy to commit a criminal enterprise, MCL 750.159i, conspiracy to use a computer to commit a 20-year felony, MCL.752.797(3)(f), uttering and publishing (two counts), MCL 750.249, and embezzlement between $1,000 and $20,000 from a charitable organization (two counts), MCL 750.174(5)(c). He was sentenced, on all counts, to five years' probation with 12 months of jail time; the jail time to be served two separate months per year during the probation period plus an additional two months' jail time, to be served on weekends as determined by the probation department. The prosecutor now appeals as of right the trial court's downward departure from the sentencing guidelines minimum range of 36 to 60 months' imprisonment. We remand for further proceedings consistent with this opinion.

Recently, our Supreme Court significantly altered the standards for sentencing criminal defendants in our state. In *Alleyne v United States*, 570 US___; 133 S Ct 2151, 2163; 186 L Ed 2d 314 (2013), the United States Supreme Court held that because "mandatory minimum sentences increase the penalty for a crime," any fact that increases the mandatory minimum is an "element" that must "be submitted to the jury and found beyond a reasonable doubt." In *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015), our Supreme Court held that Michigan's sentencing guidelines were constitutionally deficient under *Alleyne* because "the guidelines *require* judicial fact-findings beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e. the 'mandatory minimum' sentence under *Alleyne*." To remedy the constitutional violation, the Court severed MCL 769.34(2) to the extent that it makes the sentencing guidelines, as scored based on facts beyond those admitted by the defendant or found by the jury, mandatory. *Id.* The Court explained that a sentencing court must still score the

guidelines to determine the applicable guidelines range, but a guidelines range calculated in violation of *Alleyne* is now advisory only. *Id.* at 365.

However, the *Lockridge* Court distinguished the treatment of sentences that depart from the sentencing guidelines. The Court explained that where the "facts admitted by defendant or found by the jury verdict were *insufficient* to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he [] was sentenced[,]" there was a violation of defendant's Sixth Amendment rights. *Id.* at 395. However, the *Lockridge* Court explained that defendants who received a departure sentence could not establish plain error because the trial court did not rely on the minimum sentence range. *Id.* at 394; see also *People v Steanhouse*, ___ Mich App ___, ____; ___ NW2d ___ (2015); slip op at 21 (Docket No. 318329). Rather, "a sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392.

In *Steanhouse*, this Court determined the appropriate procedure for considering the reasonableness of a departure sentence. The Court ultimately adopted the principle of proportionality standard articulated in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). Under this standard, "a given sentence [could] be said to constitute an abuse of discretion if that sentence violate[d] the principle of proportionality, which require[d] sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* at 636. "As such, trial courts were required to impose a sentence that took 'into account the nature of the offense and the background of the offender.' " *Steanhouse*, ___ Mich App at ___; slip op at 23, citing *Milbourn*, 435 Mich at 651.

> Factors previously considered by Michigan courts under the proportionality standard included, among others, (1) the seriousness of the offense; (2) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation; and (3) factors that were inadequately considered by the guidelines in a particular case. [*Steanhouse*, ___ Mich App at ___; slip op at 24 (citations omitted).]

Pursuant to *Steanhouse*, because the law and analysis for departure sentences has changed since defendant's sentencing, remand for a *Crosby*[1] hearing is proper because "the trial court was unaware of and not expressly bound by a reasonableness standard rooted here in the *Milbourn* principle of proportionality." *Id*. at ___; slip op at 25.

Thus, we must remand the matter to the trial court to follow the *Crosby* procedure outlined in *Lockridge*. *Id.* at ___; slip op 25. We note that usually a "defendant may elect to forego resentencing by providing the trial court with prompt notice of his intention to do so" due to the possibility that defendant may receive a more severe sentence on remand. *People v Stokes*, ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 11-12 (Docket No. 321303).

---

[1] *United States v Crosby, 397 F3d 103, 117-118 (CA 2, 2005).*

However, here, we are presented with an appeal from the prosecutor, not defendant. Accordingly, we conclude that it is the prosecution that may elect to forgo resentencing by promptly notifying the trial court of its intent to do so. See *Steanhouse*, ___ Mich App at ___; slip op at 25; see also *Lockridge*, 498 Mich at 398. If the trial court does not receive such notice from the prosecution in a timely manner, the trial court should proceed directly to determining whether the court would have imposed a materially different sentence but for the constitutional error. *Lockridge*, 498 Mich at 397. "If the trial court determines that the answer to that question is yes, the court shall order resentencing." *Id*.

To aid the trial court on remand, we note concern with the trial court's decision and reasoning at sentencing. Prior to *Lockridge*, the trial court was required to choose a sentence within the guidelines range, unless there was a "substantial and compelling" reason for departing from this range. *People v Babcock*, 469 Mich 247, 255-256; 666 NW2d 231 (2003). Our review of the record reveals that the trial court did not base its downward departure on objective and verifiable factors not considered or adequately weighed by the guidelines. *Id*. at 257-258. Indeed, the trial court focused on impermissible factors such as defendant's lack of prior criminal record, the subjective opinion of the court that defendant was entitled to mercy for his crimes, the good deeds defendant had done as a priest, biblical passages, defendant's subjective motives and intentions, the sentence given to a co-conspirator who pled guilty, and public opinion of defendant. On remand, we caution the court to aptly apply the principle of proportionality standard articulated in *Milbourn*. Indeed, defendant's history of embezzling money for four years from a charitable organization in collaboration with a convicted criminal and other criminal elements in the community was a serious offense for which defendant was convicted by a jury. Further, in view of the record and the trial court's initial basis for downward departure, we determine that a different judge should preside over the remand proceedings. See MCL 769.34(11).

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello